**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2193-22

SHAQUANA CLAYBORN,

    Plaintiff-Appellant,

v.

MARK WHITE, COUNTY
OF MERCER,

    Defendants-Respondents,

and

STATE OF NEW JERSEY,
CITY OF TRENTON, AND NEW
JERSEY DEPARTMENT OF
TRANSPORTATION,

    Defendants.

_____

Submitted April 23, 2024 – Decided May 13, 2024

Before Judges Paganelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1614-22.

Law Offices of Karim K. Arzadi, attorney for appellant (Ernest Blair, on the briefs).

Paul R. Adezio, Mercer County Counsel, attorney for respondents (Aqua G. Etuk, Assistant Mercer County Counsel, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from a February 10, 2023 order dismissing her complaint. On December 4, 2020, plaintiff was driving a motor vehicle that was struck by a motor vehicle owned by defendant, County of Mercer, and operated by its employee, Mark White (County defendants). She sustained injuries as a result of this accident. The County defendants moved to dismiss the claims against them, contending plaintiff did not serve a Notice of Tort Claim (Notice) on Mercer County. The trial court granted the motion to dismiss with prejudice based on plaintiff's failure to serve Notice on the County defendants at the correct address within the ninety days prescribed by N.J.S.A. 59:8-8(a). We affirm.

The motion record informs us, on January 15, 2021, plaintiff sent a Notice to the County of Mercer, addressed to 175 South Broad Street in Trenton. She also sent Notices to the State of New Jersey Department of Transportation and the City of Trenton. The Notices were sent by first class and certified mail. The certified mail "green card" receipt sent to the County defendants was signed on

January 20, 2021, and returned to plaintiff's counsel. Plaintiff's counsel was not advised the Notice sent to the County defendants was sent to an incorrect address.

In lieu of filing an answer, the County defendants moved to dismiss the complaint pursuant to Rule 4:6-2(e). Prior to the return date, the County defendants withdrew their initial motion to dismiss and filed a second motion to dismiss, claiming it learned the 175 South Broad Street address—where Plaintiff's Notice was sent—was incorrect and the correct address for the County was 640 South Broad Street. The Assistant County Counsel certified his office learned via eCourts that plaintiff filed a lawsuit on September 16, 2022. His office reviewed all notices filed with the County and confirmed they had not received any Notice from plaintiff prior to her filing her complaint. He further certified his office did not receive copies of any Notices from any other person or entity regarding the December 4, 2020 accident.

County Counsel wrote to plaintiff's counsel regarding the issue of Notice and received no response until they filed a motion to dismiss. When plaintiff responded to the motion, she produced a copy of her Notice, dated January 15, 2021, and addressed to the "County of Mercer Civil Courthouse 175 S[outh] Broad Street, Trenton, New Jersey 08650." County defendants never received

3

the Notice because the County administrative office is located at 640 South Broad Street, Trenton, New Jersey 08650—not 175 South Broad Street.  No copies of the Notice were sent to the 640 South Broad Street address.

After considering oral arguments, the trial court granted County defendants' motion to dismiss in a February 10, 2023 order that included the finding:  "The County never received Notice because its address is 640 South Broad Street, not 175 South Broad Street.  Moreover, the County's authorized agent of process, the Clerk, is also located at 640 Broad Street, Trenton, New Jersey."  This appeal followed.

On appeal, plaintiff argues the court erred in dismissing her complaint, as it should have been properly considered under the summary judgment standard. Plaintiff contends the summary judgment standard was required because the County defendants offered only the Assistant County Counsel's certification, which included the hearsay assertion, "the County never received [plaintiff's] Notice."  Plaintiff also argues her complaint should not have been dismissed because she substantially complied with the notice requirements of the Tort Claims Act, see N.J.S.A. 59:8-8.  We conclude both arguments lack merit.

The New Jersey Tort Claims Act (the Act), N.J.S.A. 59:1-1 to 12-3, modifies liability for public entities and public employees, permitting aggrieved

4

parties to bring tort actions against such entities only within strictly defined parameters. See O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344-45 (2019). "The Act's 'guiding principle' is 'that immunity from tort liability is the general rule and liability is the exception.'" Id. at 345 (quoting D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 134 (2013)). As such, the Act mandates a "claimant shall be forever barred from recovering against a public entity or public employee if," among other things, the claimant failed to serve a notice of tort claim on "the public entity within [ninety] days of accrual of the claim except as otherwise provided in N.J.S.[A.] 59:8-9." N.J.S.A. 59:8-8.

In O'Donnell, our Supreme Court reiterated that, under the Act, "[t]he notice of claim must 'be filed directly with the specific local entity at issue.'" O'Donnell, 236 N.J. at 345 (quoting McDade v. Siazon, 208 N.J. 463, 476 (2011)). It is a plaintiff's obligation to serve the Notice on the correct public entity before the ninety-day deadline, so the entity has an opportunity to promptly investigate the claim and consider resolving it expeditiously. McDade, 208 N.J. at 475-76; Leidy v. Cnty. of Ocean, 398 N.J. Super. 449, 455 (App. Div. 2008). Here, plaintiff did not serve Notice to the correct address within the ninety-day period after accrual of her claim. She concedes it was sent to an incorrect address, and the County defendants proffered evidence they never

received it. The County defendants were, thus, not afforded the opportunity to promptly investigate the claim or to resolve it prior to the commencement of litigation. The trial court did not err by dismissing plaintiff's complaint on these grounds.

Plaintiff's arguments regarding substantial compliance are equally unavailing. In Bryant v. Cnty. of Cumberland, we concluded the plaintiff's service of her notice on a county office or officer was within the meaning of N.J.S.A. 59:8-7 and reversed the trial court's decision granting the defendant's motion to dismiss. 472 N.J. Super. 626, 630-31 (App. Div. 2022). There, plaintiff served her notice on the Cumberland County Clerk, when same should have been served on the Clerk of the Board of County Commissioners. Id. at 628. We found "a certain logic to serving a county by serving its county clerk—just as service of a notice on a municipality would logically be forwarded to the municipal clerk"—and concluded that "plaintiffs' service of the notice of claim on Cumberland's County Clerk was sufficient." Id. at 630.

Here, plaintiff could not logically presume her Notice would be forwarded from the Civil Judiciary offices, located at 175 South Broad Street, to Mercer County offices, located at 640 South Broad Street. Moreover, plaintiff did not move for leave to file a late notice within the one-year period allowed under

N.J.S.A. 59:8-9.  In sum, the motion judge did not err in enforcing the notice provisions of the statute in this case.  Without a timely notice served on the correct agency, plaintiff's complaint was appropriately dismissed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2193-22